1  Darren M. Richie (SBN 316116)
   *darren@richielitigation.com*
2  Kathleen Gadalla (SBN 325473)
   *kathleen@richielitigation.com*
3  **RICHIE LITIGATION, P.C.**
4  633 W. 5th Street, Suite 6780
   Los Angeles, California 90071
5  Tel: (213) 265-7888 | Fax: (844) 314-1380

7  Attorneys for Plaintiff GRANT VALENCIA

8  # UNITED STATES DISTRICT COURT

9  # CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| GRANT VALENCIA, an individual, | Case No: CV 19-471-GW(GJSx) |
|---|---|
| Plaintiff, | **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S APPLICATION TO CLERK TO TAX COSTS** |
| v. | |
| LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity and law enforcement agency; COUNTY OF LOS ANGELES, a public entity; KENNETH COLLINS, an individual; and DOES 1 through 50 inclusive, | |
| Defendants. | |

## I. INTRODUCTION

Pursuant to Local Rule 54-7, Plaintiff Grant Valencia ("Plaintiff") objects to Defendant County of Los Angeles' ("Defendant") Application to the Clerk to Tax Costs. Defendant may only recover those costs provided under Rule 54(d) and the applicable local rules. However, Defendant's Bill of Costs improperly fails to include any documentation or receipt of such stated costs. Further, the circumstances of this case are extraordinary due such that an award of costs would result in inequity. Finally, as Plaintiff has appealed the final judgment in this matter, the Court should stay all proceedings associated with Defendant's Bill of Costs.

## II. ARGUMENT

**A. The Clerk Should Deny Defendant's Application to Tax Costs Where Defendant Failed to Provide any Documentation for the Bill of Costs.**

Pursuant to local rule 54-1, "a prevailing party shall be entitled to costs" after the final judgment or order is entered in its favor. These costs must be both permitted under Rule 54(d) and the local rules, as well as supported by accompanying evidence. Here, Defendant seeks costs associated with fees for service of process, totaling $451.07, and depositions, totaling $1,493.25.

However, Defendant failed to include any itemization or documentation to support its request for costs. The Application to the Clerk to Tax Costs itself instructs Defendant, in bold typeface, that it "must attach an itemization and documentation supporting all requested fees and costs. Documentation includes receipts, orders, and stipulations. All receipts must be self-explanatory." Defendant's application failed to

include a single receipt or itemization. This failure precludes Plaintiff from properly analyzing Defendant's bill of costs for three reasons.

First, Plaintiff is unable to confirm the total costs of Defendant's requested fees for either the service of process and depositions.

Second, with regard to the fees for service of process, local rule 54-4.2 authorizes fees for service of process where the document was "served by the United States Marshal or other persons authorized by F.R.Civ.P. 4." Without an itemization of the requested fees, Plaintiff is unable to determine whether these fees for service of process were associated with an authorized person, as required by the local rules.

Third, with regard to the costs of depositions, local rule 54-4.5 permits the payment of "costs incurred in connection with taking oral depositions." This includes, but is not limited to, the costs associated with one original and one copy of the transcript, the reasonable fees of the deposition reporter, cost of videotaping, reasonable witness fees paid to a deponent. Without an itemization or documentation of Defendant's requested costs associated with depositions, Plaintiff is unable to confirm whether the bill of costs falls within the local rule's authorized fees.

As such, the Clerk should deny Defendant's Application for Costs in its entirety where the Defendant failed to provide a single itemization or documentation for its bill of costs.

//

//

### B. This Court Should Deny Defendant's Application to Tax Costs Where it Would be Inequitable to Award Costs in This Case.

Pursuant to Federal Rule of Civil Procedure 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." A district court may deny these costs, however, where it finds the case is not "ordinary" and, under the circumstances, "it would be inappropriate or inequitable to award costs." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000).

Courts have found such extraordinary reasons for denying costs in two categories of cases that are relevant to the matter at hand. First, where the plaintiffs possessed limited financial resources. *See id*.; *see also National Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir. 1982); *Wrighten v. Metropolitan Hosps., Inc.*, 726 F.2d 1346, 1358 (9th Cir. 1984); *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 486 (9th Cir. 1983). Second, where there might result a potential chilling effect on future plaintiffs. *See Stanley v. University of Southern California*, 178 F.3d 1069, 1079-80 (9th Cir. 1999) (finding the district court abused its discretion in denying plaintiff's motion to re-tax costs without considering the plaintiff's limited financial resources, as well as "the chilling effect" of imposing high costs of future civil rights litigants).

Here, the difference in financial resources between Plaintiff and Defendant are undeniably astronomical. Plaintiff is a father of two who was recently laid off as a result of the COVID 19 national emergency. Defendant is the County of Los Angeles, which arguably possesses near unlimited financial resources. As such, Plaintiff clearly

possesses far more limited financial resources than the County of Los Angeles, and this Court should deny Defendant's Application to Tax Costs where it would be largely inequitable to award such costs.

Further, Plaintiff brought the instant lawsuit as a result of Defendant's alleged failure to protect Plaintiff from the actions of a "bad cop." Other similarly situated Plaintiff's have also brought suit. To award Defendant's Application of Costs could potentially result in a chilling effect for future plaintiffs who wish to bring suit against the County of Los Angeles. For this reason, the award of costs to Defendant is inappropriate in this matter, and this Court should deny Defendant's application.

**C. The Issue of Costs Should be Stayed Pending the Outcome of Plaintiff's Appeal of this Matter at the Ninth Circuit.**

On March 3, 2020, this Court entered the final order and judgment on Defendant's Motion for Summary Judgment. Plaintiff entered a timely Notice of Appeal on the order on March 4, 2020.

As this matter is currently awaiting appeal at the Ninth Circuit—but is currently stayed as a result of the COVID 19 national emergency—it would be appropriate for this Court to stay any issue of Defendant's Application to Tax Costs pending the resolution of Plaintiff's appeal.

//

//

//

//

### III. CONCLUSION

For the foregoing reasons, the Clerk or this Court should deny Defendant's Application to Tax Costs, totaling $1,944.32.

DATED: March 25, 2020                    Respectfully Submitted,

RICHIE LITIGATION, P.C.

By: */s/ Darren M. Richie*
Darren M. Richie
Kathleen Gadalla
Attorneys for Plaintiff
GRANT VALENCIA

# CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following:

Laura E. Inlow
COLLINSON, DAEHNKE, INLOW & GRECO
21515 Hawthorne Blvd., Suite 800
Torrance, CA 90503
Tel: (424) 212-7777
Fax: (424) 212-7757

By: */s/ Darren M. Richie*
Darren M. Richie
RICHIE LITIGATION, P.C.
633 W. 5th St., Suite 6780
Los Angeles, CA 90071
Tel: (213) 265-7888
Fax: (844) 314-1380
darren@richielitigation.com

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is U.S. Bank Tower – 67th Floor, 633 W. 5th Street, Suite 6780, Los Angeles, California 90071.

On March 25, 2020 I served the following document described as:

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S APPLICATION TO CLERK TO TAX COSTS**

on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

**SEE SERVICE LIST**

**[ ]   (BY MAIL, FRCP Rule 5(b)(2)(C))** I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]   (BY ELECTRONIC SERVICE, FRCP Rule 5(b)(2)(E))**

**[X]   (FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

Executed on March 25, 2020 at Los Angeles, California

_____
Bryan Fernandez


# SERVICE LIST

Laura E. Inlow, Esq.
*laura.inlow@cdiglaw.com*
COLLINSON, DAEHNKE, INLOW & GRECO
21515 Hawthorne Blvd., Suite 800
Torrance, California 90503
Tel: (424) 212-7777
Fax: (424) 212-7757
*Attorneys for Defendant COUNTY OF LOS ANGELES (also erroneously named herein at Los Angeles County Sheriff's Department*